UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                  **MEMORANDUM AND ORDER**

MELVI AMADOR-RIOS, SANTOS AMADOR-        18-CR-398 (RPK)
RIOS, YAN CARLOS RAMIREZ, ANTONIO
SALVADOR, JOSUE LEIVA, and LUIS RIVAS,

        Defendants.
------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    Defendants Melvi Amador-Rios, Josue Leiva, and Luis Rivas are charged with various crimes relating to their alleged participation in La Mara Salvatrucha, commonly known as "MS-13." They seek to dismiss several counts that charge using, carrying, or possessing firearms in connection with, or in furtherance of, crimes of violence. *See* 18 U.S.C. § 924(c). They argue that the alleged crimes of violence serving as predicate offenses for those counts—racketeering, violent crimes in aid of racketeering, and Hobbs Act robbery—are not actually crimes of violence under 18 U.S.C. § 924(c)(3). For the reasons explained below, the motion is denied.

## BACKGROUND

    The defendants are charged in eighteen counts with various offenses relating to their alleged participation in the MS-13 gang. *See* Third Superseding Indictment ("Indictment") (Dkt. #60).

    As relevant to this motion, each defendant is charged in Count One with racketeering. *Id.* at ¶ 9. As racketeering acts, the indictment alleges that all defendants committed murder, in violation of New York Penal Law §§ 125.25(1) and 20.00; conspiracy to murder, in violation of New York Penal Law §§ 125.25(1) and 105.15; and Hobbs Act robbery, in violation of 18 U.S.C.

1

§§ 1951(a) and 2. *Id.* at ¶¶ 10–21. The indictment also charges Amador-Rios with the additional racketeering act of attempted murder, in violation of New York Penal Law §§ 125.25(1), 110.00, and 20.00. *Id.* at ¶ 12. In Count Two, each of the moving defendants is charged with using, carrying, or possessing a firearm in connection with, or in furtherance of, the crime of violence charged in Count One, in violation of 18 U.S.C. § 924(c). *Id*. at ¶ 22.

Count Six is a Section 924(c) count predicated on violations of the violent crimes in aid of racketeering ("VICAR") statute, 18 U.S.C. § 1959. Amador-Rios is charged in Count Four with violating the VICAR statute through an assault with a deadly weapon, in violation of New York Penal Law §§ 120.05(2) and 20.00, and an assault resulting in serious bodily injury, in violation of New York Penal Law §§ 120.05(1) and 20.00. *Id.* at ¶ 27. Amador-Rios is also charged in Count Five with violating the VICAR statute through an attempted murder, in violation of New York Penal Law §§ 125.25(1), 110.00, and 20.00. *Id.* at ¶ 29. Count Six then charges Amador-Rios with using, carrying, or possessing a firearm in connection with, or in furtherance of the crimes of violence in Counts Four and Five, in violation of 18 U.S.C. § 924(c). *Id*. at ¶ 30.

All three defendants are also charged with using, carrying, or possessing firearms in connection with, or in furtherance of Hobbs Act robbery. *See id.* at ¶¶ 32 (Count Eight as to Amador-Rios and Rivas), 42 (Count Fourteen as to Amador-Rios and Leiva), 44, 46 (Counts Sixteen and Eighteen as to Amador-Rios).

Amador-Rios has moved to dismiss the Section 924(c) charges for which the alleged underlying crime of violence is racketeering (Count Two), assault in aid of racketeering and attempted murder in aid of racketeering (Count Six), and Hobbs Act robbery (Counts Eight, Fourteen, Sixteen and Eighteen). Mot. to Dismiss (Dkt. #157). Leiva and Rivas join the motion

2

insofar as it relates to counts with which they are charged. *See* Letter Mot. to Dismiss Counts Two and Eight 1 (Dkt. #160); Mot. for Joinder 1 (Dkt. #162).

## DISCUSSION

Section 924(c) makes it a crime for any person, "during and in relation to any crime of violence" to "use[] or carr[y] a firearm, or . . . in furtherance of any such crime, possess[] a firearm." 18 U.S.C. § 924(c)(1)(A). A crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The defendants challenge whether the predicate offenses underlying the Section 924(c) counts in this case are crimes of violence. To answer that question, courts apply a "categorical approach," asking "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). When a single statute sets out "multiple alternative elements," courts use the "modified categorical approach," looking to the indictment or a limited class of other documents to determine which of the multiple offenses set forth in the statute is the one with which the defendant was charged. *Mathis v. United States*, 579 U.S. 500, 505–06 (2016). Applying those methodologies, the challenged predicate offenses constitute crimes of violence. Accordingly, the motion is denied.

**I. Count Two**

Count Two is predicated on a crime of violence. The predicate offense for Count Two is a substantive violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq*. The RICO statute provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). A pattern of racketeering activity requires at least two acts that qualify as "racketeering activity" under the

3

statute. 18 U.S.C. § 1961(5); *see id.* § 1961(1) (listing offenses that constitute "racketeering activity"). Using the modified categorical approach, *United States v. Pastore*, 36 F.4th 423, 429 (2d Cir. 2022), the Second Circuit has held that "a substantive RICO violation [is] a crime of violence for the purpose of § 924(c)" if at least one of the underlying acts of racketeering activity is a crime of violence, *Laurent*, 33 F.4th at 87–88. *See United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009). The substantive RICO offense charged in the indictment is a crime of violence under these principles. The charged acts of racketeering activity include murder, Hobbs Act robbery, and (in the case of Amador-Rios only) attempted murder. Indictment ¶¶ 12–13, 18–21. Murder and attempted murder under New York law are crimes of violence. *See, e.g., Laurent*, 33 F.4th at 89. And as discussed below, *see* pp. 7–8, *infra*, so is Hobbs Act robbery. As a result, the substantive RICO offense charged in the indictment is itself a crime of violence.

The defendants' counterargument is foreclosed by Second Circuit precedent. The defendants argue that a substantive RICO violation is never a crime of violence because the offense "can be accomplished by the commission of two predicate acts of racketeering involving a whole range of completely non-violent conduct, *i.e.*, bribery, mail and wire fraud, bank fraud, gambling, money laundering, and [a] host of other specifically enumerated federal fraud and theft offenses." Mot. to Dismiss 14–15 (internal citations omitted). But the Second Circuit has expressly "rejected the argument . . . that, because a violation of RICO can be predicated on racketeering acts of a nonviolent nature, a substantive RICO violation cannot be a 'crime of violence.'" *Laurent*, 33 F.4th at 87; *see United States v. Martinez*, 991 F.3d 347, 355–57 (2d Cir. 2021); *Ivezaj*, 568 F.3d at 95–96. The defendants criticize the Second Circuit's holding, *see* Reply in Supp. of Mot. to Dismiss 8–9 (Dkt. #171), but they offer no reason to conclude that it has been overruled. While they suggest that *Taylor* "casts substantial doubt" on the use of the modified categorical approach,

4

*id*. at 5 n.2, *Taylor* neither addresses that approach nor overrules the Supreme Court cases that have endorsed it. *See Taylor*, 142 S. Ct. at 2020–26. And the Second Circuit has employed the modified categorical approach in cases that were decided after *Taylor*. *See, e.g.*, *Singh v. Garland*, 58 F.4th 34, 36 (2d Cir. 2022); *United States v. Ragonese*, 47 F.4th 106, 110–11 (2d Cir. 2022); *Sahin v. Garland*, No. 21-6391, 2022 WL 17825539, at *1 (2d Cir. Dec. 21, 2022). Accordingly, the motion to dismiss is denied with respect to Count Two.

## II. Count Six

The motion to dismiss is also denied with respect to Count Six. The predicate offenses for the Section 924(c) charge in Count Six are two violations of the VICAR statute: an assault in aid of racketeering, based on an assault in violation of New York Penal Law § 120.05(1) and (2), and an attempted murder in aid of racketeering, based on a violation of New York Penal Law §§ 125.25(1), 110.00, and 20.00. Indictment ¶¶ 26–27. Using the modified categorical approach, the Second Circuit has held that "a substantive VICAR offense is a crime of violence when predicated on at least one violent crime in aid of racketeering act[]." *Pastore*, 36 F.4th at 429 (brackets omitted) (quoting *Laurent*, 33 F.4th at 88).

Defendants contend that one of the predicate offenses for Count Six—the assault-in-aid-of-racketeering charge—is not in fact a crime of violence. But Count Six would survive even if defendants were correct, because the other predicate offense, attempted murder in aid of racketeering, is a crime of violence. *See, e.g.*, *United States v. Minaya*, 841 F. App'x 301, 303–05 (2d Cir. Jan. 22, 2021); *Mayes v. United States*, No. 12-CR-385(2) (ARR), 2021 WL 3111906, at *7 (E.D.N.Y. July 21, 2021) (collecting cases). In any event, the assault-in-aid-of-racketeering charge is a valid predicate, because assault under Sections 120.05(1) and (2) of the New York Penal Law is a crime of violence. *See, e.g.*, *Thompson v. Garland*, 994 F.3d 109, 111 (2d Cir. 2021) (holding that "a conviction under NYPL § 120.05(1) is a crime of violence as defined in 18

5

U.S.C. § 16(a)")[1]; *Singh v. Barr*, 939 F.3d 457, 464 (2d Cir. 2019) ("Singh's conviction [under N.Y.P.L. § 120.05(2)] falls within § 16(a)'s definition of a crime of violence."); *United States v. Smith*, 813 F. App'x 662, 664 (2d Cir. 2020) (holding that assault with a dangerous weapon in violation of N.Y.P.L. § 120.05(2) constitutes a "crime of violence" under Section 924(c)(3)); *United States v. White*, 7 F.4th 90, 104 (2d Cir. 2021) (same).

The defendants' counterarguments do not persuade. First, the defendants contend that a violation of Section 120.05(1) cannot constitute a crime of violence because the statute can be violated by omission. Mot. to Dismiss 16–17 (citing *United States v. Brown*, 322 F. Supp. 3d 459 (S.D.N.Y. 2018), *rev'd United States v. Brown*, 2 F.4th 109 (2d Cir. 2021)). But as defendants concede, the Second Circuit has held that "crimes intentionally causing at least serious physical injury" are "categorically violent whether committed by acts of omission or by acts of commission." *United States v. Scott*, 990 F.3d 94, 110 (2d Cir. 2021) (en banc); *see id*. at 117 ("[A] defendant can knowingly employ force by omission as well as by commission."). Section 120.05(1) satisfies this standard by requiring a "serious physical injury." N.Y.P.L. § 120.05(1). Defendants argue that the Supreme Court's subsequent decisions in *Taylor* and *Borden v. United States*, 141 S. Ct. 1817 (2021), undermine *Scott*, by indicating that only intentional conduct can violate Section 924(c). But that principle would not aid defendants, because Sections 120.05(1) and (2) require that an injury be caused "[w]ith intent." N.Y.P.L. § 120.05(1)–(2).

The defendants next argue that Section 120.05(2) cannot constitute a crime of violence because the offense does not require a sufficient degree of injury. *See* Mot. to Dismiss 17–18.

---

[1] The definition of "crime of violence" in Section 16(a) is identical to the definition in Section 924(c)(3)(A), except it applies to misdemeanors in addition to felonies. *Compare* 18 U.S.C. § 16(a) ("The term 'crime of violence' means— (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."), *with* 18 U.S.C. § 924(c)(3)(A) ("For purposes of this subsection the term 'crime of violence' means an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another.").

6

They invoke *Johnson v. United States*, 559 U.S. 133 (2010), in which the Supreme Court held that felony battery under Florida law was not a "violent felony" under the Armed Career Criminal Act because the offense could be completed by "even the slightest offensive touching." *Id.* at 139. "The [Armed Career Criminal Act's] definition of 'violent felony' under § 924(e)(2)(B)(i) is identical, in relevant part, to the definition of 'crime of violence' under § 924(c)(3)(A), at issue here." *Laurent*, 33 F.4th at 92. In *Johnson*, the Court interpreted "physical force" in that statutory definition to require "*violent* force—that is, force capable of causing physical pain or injury to another person." *United States v. Hill*, 890 F.3d 51, 58 (2d Cir. 2018) (quoting *Johnson*, 559 U.S. at 140). But *Johnson* does not aid defendants, because the Second Circuit has held that "the deadly weapon or dangerous instrument element" in Section 120.05(2) "makes obvious that the statute requires the use of violent force." *Singh*, 939 F.3d at 463. Because the Second Circuit has held that violations of New York Penal Law § 120.05(1) and (2) are crimes of violence, defendants' motion to dismiss Count Six is denied.

### III. Counts Eight, Fourteen, Sixteen, and Eighteen

Finally, defendants' motion to dismiss Counts Eight, Fourteen, Sixteen, and Eighteen is denied. Those counts are predicated on Hobbs Act robbery, which is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). In *Hill*, the Second Circuit held in no uncertain terms that "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." 890 F.3d at 53; *see United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019) ("Hobbs Act robbery . . . can be identified as a crime of violence under § 924(c)(3)(A) applying the traditional, elements only, categorical approach."); *United States v. Walker*, 789 F. App'x 241,

7

245 (2d Cir. 2019) ("Our prior holding in [*Hill*] that substantive Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A) . . . remains binding on us in this case.").

The defendants argue that a contrary result is warranted because "Hobbs Act robbery can be completed merely by placing another in *fear* of injury to a person, or even to *property*," Mot. to Dismiss 23, but the Second Circuit rejected this exact argument in *Hill*. The Court of Appeals reasoned that the term "physical force" in Section 924(c)(3)(A) "means no more nor less than force capable of causing physical pain or injury to a person *or* injury to property," and so "rob[bing] a victim by putting him in fear of injury to his property through non-forceful means" does "not fail to involve the use or threatened use of physical force." 890 F.3d at 57–58. The defendants also argue that Hobbs Act robbery is not a crime of violence because "the federal robbery statute does *not* require that a defendant *intend* fear of injury." Reply in Supp. of Mot. to Dismiss 21. But again, the Second Circuit rejected this argument in *Hill*. 890 F.3d at 59 & n.11 ("Even assuming . . . that the Hobbs Act" reaches "unintentionally placing a victim in fear of injury," "we again disagree that these hypotheticals demonstrate that a Hobbs Act robbery is not categorically a crime of violence for the purpose of § 924(c)(3)(A).").

And contrary to defendants' argument that "*Hill* . . . cannot survive the string of Supreme Court cases, including most recently *Taylor*, which have repeatedly and consistently rejected an expansive definition of 'crime of violence,'" Mot. to Dismiss 12, *Hill* remains good law. *See, e.g.*, *United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023) ("[W]e see nothing in *Taylor*'s language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to Section 924(c)(3)(A)."); *Mendez v. United States*, No. 21-1536, 2022 WL 17684586, at *2 (2d Cir. Dec. 15, 2022) ("Hobbs Act robbery itself remains a valid predicate crime of violence for convictions under § 924(c).");

8

*Broadnax v. United States*, No. 15-CR-878 (VM), 2022 WL 4133247, at *5 (S.D.N.Y. Sept. 12, 2022) ("While the law concerning 'crimes of violence' has changed in the years since *Hill*, this holding has remained undisturbed."). Accordingly, Counts Eight, Fourteen, Sixteen, and Eighteen are predicated on crimes of violence.

## CONCLUSION

The motion to dismiss is denied.

SO ORDERED.

          /s/ Rachel Kovner
          RACHEL P. KOVNER
          United States District Judge

Dated:      March 6, 2023
              Brooklyn, New York